IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID JOHN LONICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-864-RAH |
| | ) |
| MICHAEL CARVAJAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# **ORDER**

On August 17, 2023, the Magistrate Judge recommended that the Defendants' Motion to Dismiss should be granted and this case should be dismissed with prejudice based on Plaintiff David John Lonich's failure to properly exhaust an available administrative remedy. On August 31, 2023, the Plaintiff filed Objections (Doc. 42) to the Recommendation (Doc. 41) of the Magistrate Judge.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest*

*S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

The Plaintiff objects to the Magistrate Judge's determination that he failed to exhaust an available administrative remedy. He argues that he exhausted the procedures available to him at the time. On July 31, 2020, the Plaintiff submitted a BP-8 form to his case manager requesting placement in home confinement. Three days later, the case manager returned the form with a notation that "the exception review committee" denied the request. The Plaintiff argues the denial by the Central Office Review Committee was sufficient for exhaustion purposes. As discussed in the Magistrate Judge's Recommendation, the Plaintiff did not initiate the Bureau of Prison's three-tiered administrative remedy process. *See* 28 C.F.R. §§ 542.10-.19. The undertaking of the informal resolution process of filing a request for home placement on a BP-8 form does not constitute the exhaustion of available administrative remedies.

The Court has independently reviewed the file and reviewed, *de novo*, the Objections and Recommendation. *See* 28 U.S.C. § 636(b). Accordingly, it is

ORDERED as follows:

1. The Objections (Doc. 42) are OVERRULED.

2. The Recommendation (Doc. 41) is ADOPTED.

3. The Motion to Dismiss (Doc. 26) is GRANTED.

4. This case is DISMISSED with prejudice.

DONE, on this the 13th day of September 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE